**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY BRAYBOY,

     Petitioner,             Civil No. 2;11-CV-11021
                             HONORABLE BERNARD A. FRIEDMAN
v.                     UNITED STATES DISTRICT JUDGE

ROBERT NAPEL,

     Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR**
**WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE**
**OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

     Gary Brayboy, ("petitioner"), confined at the Marquette Branch Prison in

Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. In his *pro se* application, petitioner challenges his conviction for one count of

first-degree murder, M.C.L.A. 750.316; one count of assault with intent to do great bodily

harm less than murder, M.CL.A. 750.84; four counts of armed robbery, M.C.L.A.

750.529; one count of felony-firearm, M.C.L.A. 750.227b; and being a fourth felony

habitual offender, M.C.L.A. 769.12. Petitioner has also filed a motion for equitable

tolling of the the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Respondent

has filed a motion for summary judgment, contending that the petition was not timely

filed in accordance with this statute of limitations. Petitioner has filed a reply to the

motion for summary judgment. For the reasons stated below, petitioner's application for

a writ of habeas corpus is summarily dismissed.

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Detroit Recorder's Court.  Direct review of petitioner's conviction ended in the Michigan courts on February 28, 1997, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Brayboy*, 454 Mich. 866, 560 N.W.2d 633 (1997).

On July 21, 1998, petitioner filed a motion for clarification of the order of restitution, which he contends was wrongly re-characterized as a motion for relief from judgment and denied by the trial court on September 28, 1998. [1]  On June 18, 1999, petitioner filed a motion for transcripts at state expense, which he again contends was wrongly re-characterized as a motion for relief from judgment and denied by the trial court on August 25, 1999. [2]

On March 13, 2009, petitioner filed what he contends was his first post-conviction motion for relief from judgment.  The trial judge treated the motion as a successive motion for relief from judgment, but permitted it to be filed on the ground that petitioner was alleging that he had newly discovered evidence that would permit the filing of a successive motion for relief from judgment pursuant to M.C.R. 6.502(G)(2).

---

[1] *See People v. Brayboy,* Case No. 93-002544-01-FC (Third Judicial Circuit of Michigan), Register of Actions, p. 5 [This Court's Dkt. # 18-1].

[2] *Id.* at p. 6.

Nonetheless, the trial judge denied the post-conviction motion as being without merit. *See People v. Brayboy,* No. 93-002544-01-FC (Wayne County Circuit Court, June 2, 2009). [3] After the Michigan Court of Appeals denied petitioner's post-conviction appeal, *See People v. Brayboy,* No. 293550 (Mich.Ct.App. December 3, 2009), collateral review of petitioner's conviction ended in the state courts on June 28, 2010 when the Michigan Supreme Court denied petitioner leave to appeal from the denial of his post-conviction motion, on the ground that petitioner's motion was prohibited by M.C.R. 6.502(G). *People v. Brayboy*, 486 Mich. 1043; 783 N.W.2d 339 (2010).

Petitioner's habeas application is signed and dated March 3, 2011. [4]

## II.  Discussion

The Court will grant respondent's motion for summary judgment, because the petition for writ of habeas corpus has not been filed within the one year statute of limitations.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir.

---

[3]   In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

[4]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 3, 2011, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the

non-moving party must set forth specific facts sufficient to show that a reasonable

factfinder could return a verdict in his favor. *Id.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year

statute of limitations shall apply to an application for writ of habeas corpus by a person in

custody pursuant to a judgment of a state court.  The one year statute of limitation shall

run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed

within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185,

1187 (E.D. Mich. 2001).

The Michigan Supreme Court denied petitioner's application for leave to appeal on

February 28, 1997.  Where a state prisoner has sought direct review of his conviction in

the state's highest court but does not file a petition for certiorari with the U.S. Supreme

Court, the one year limitation period for seeking habeas review under 28 U.S.C. §

4

2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). Petitioner's judgment therefore became final on May 29, 1997, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than May 29, 1998 in order for the petition to be timely filed.

Petitioner filed a motion to clarify the order of restitution with the trial court on July 21, 1998, which was denied on September 28, 1998. Petitioner subsequently filed a motion to request transcripts on June 18, 1999, which was denied on August 25, 1999. These two motions were apparently re-characterized by the trial court as motions for relief from judgment. Petitioner contends in his habeas application that the trial court erred in re-characterizing these two motions as motions for relief from judgment, because he was not attacking his conviction in these motions. [5] Respondent suggests that if these motions were not being used to attack petitioner's conviction, then they should not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). This Court agrees.

28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall

---

[5] See Brief in Support of Petition for Writ of Habeas Corpus, p. 10.

5

not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). In *Wall v. Kholi*, 131 S. Ct. 1278, 1285 (2011), the Supreme Court held that the term "collateral review," as used in § 2244 (d)(2), refers to a judicial reexamination of a judgment or a claim in a proceeding outside of the direct review process.  In so ruling, the Supreme Court quoted with approval the First Circuit's definition in the lower court decision in *Kholi* that "'review' commonly denotes 'a looking over or examination with a view to amendment or improvement.'" *Id.* (internal quotation omitted).

In the present case, petitioner acknowledges that he did not seek judicial review of his conviction in either of these first two motions, in that he did not seek a judicial reexamination of the judgment of conviction.  In particular, petitioner's motion for production of transcripts would not qualify as an application for post-conviction or collateral review so as to toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See e.g. May v. Workman,* 339 F. 3d 1236, 1237 (10th Cir. 2003); *Lancaster v. Alameida,* 51 Fed. Appx. 765, 766 (9th Cir. 2002).  Petitioner's motion to clarify the order of restitution and his motion for production of transcripts did not toll the limitations period pursuant to § 2244(d)(2).

Petitioner filed what he contends was his first motion for relief from judgment on March 13, 2009, after the one year limitations period had expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period

6

remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).  Therefore, petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. [6]

Petitioner claims that he has newly discovered evidence of wrongdoing by the Detroit Police Department, Homicide Division, in the form of newspaper articles from the Detroit Free Press, which he argues would toll the limitations period. [7]

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005).

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F. 3d 364, 373-74 (6th Cir. 2007)(§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that

---

[6]   Even if petitioner's motion to clarify restitution and his motion to produce transcripts could be considered collateral attacks on his conviction, his petition would still be untimely because he filed these motions on July 21, 1998 and June 18, 1999, after the one year limitations period had expired.  Moreover, even if petitioner's motion for relief from judgment which had been filed on March 13, 2009 constituted a properly filed second or successive motion for relief from judgment under M.C.R. 6.502(G)(2), this would not toll the limitations period because it was likewise filed in the state court after the expiration of limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004).

[7]   *See* Appendix B, attached to the Petition for Writ of Habeas Corpus.

claim was discovered at a later date); *See also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir.2006)(holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); *Jackson v. Hofbauer,* No. 2007 WL 391405, * 8 (E.D. Mich. January 31, 2007(§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis.  However, in dicta in *Pace v. DiGuglielmo,* 544 U.S. 408, 416, n. 6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A)(date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period.  This Court is therefore required to evaluate each of petitioner's claims separately to determine whether the provisions of Section 2244(d)(1)(D) would render any, or all, of the claims timely.

In the present case, petitioner has raised eight claims in his petition for writ of habeas corpus.  For the purpose of brevity, these claims are: 1) the Detroit Police Department, Homicide Division suppressed investigation files that contained exculpatory and/or material evidence; 2) petitioner was deprived of a fair trial when the prosecution concealed the co-defendant's criminal record; 3) the improper admission of prior bad acts

8

evidence in violation of M.R.E. 404(b); 4) the trial judge erred in failing to give an

instruction on the lesser included offense of felonious assault; 5) the trial judge gave

erroneous instructions regarding aiding and abetting; 6) prosecutorial misconduct; 7), the

sentence of life imprisonment without parole was improper, because petitioner was

convicted of being a fourth felony habitual offender; and 8) ineffective assistance of trial

and appellate counsel.

      With the exception of petitioner's first claim and arguably his second claim as

well, the newly discovered evidence of police misconduct on the part of the Detroit Police

Department has no connection to petitioner's third through eighth claims.  Because

petitioner's third through eighth claims do not rest upon the newly discovered evidence of

alleged Detroit police corruption, this evidence cannot logically constitute a "factual

predicate" for petitioner's third through eighth claims, as defined by § 2244(d)(1)(D),

thus, these claims are time-barred, regardless of whether the alleged police corruption in

this case would constitute newly discovered evidence with respect to petitioner's first and

second claims. *Ege,* 485 F. 3d at 373.

      With respect to petitioner's first two claims, petitioner claims that he has newly

discovered evidence in the form of newspaper articles from the Detroit Free Press, which

he contends would support his first claim that the police and prosecutor withheld

evidence that would have been exculpatory, as well as his second claim that the

prosecutor concealed the prior criminal record of his co-defendant, Keith Griffin, who

had testified against petitioner at his trial in exchange for a plea bargain that allowed him

9

to plead guilty to a reduced charge of second-degree murder with a sentence agreement of 7-20 years.

The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *See Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at 772. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

In the present case, petitioner has presented to this Court a number of newspaper articles from the Detroit Free Press from 1997 and 1998, in which Investigator Monica

Childs of the Detroit Police Department, Homicide Division, the investigator in

petitioner's murder case, suggested that the Homicide Division had engaged in a number

of unlawful practices, including suppressing homicide investigation files, committing

perjury, and coercing confessions from suspects. The last of these newspaper articles is

from September 9, 1998.  Petitioner, claims, in a conclusory fashion, that he did not

become aware of this evidence until 2009.

 Petitioner is not entitled to invoke the provisions of § 2244(d)(1)(D) to delay the

commencement of the one year limitations, because he has failed to offer any argument as

to why he could not have discovered these newspaper articles at an earlier date.  The

newspaper articles do not constitute newly discovered evidence under § 2244(d)(1)(D)

because they were available to petitioner when they were published in the Detroit Free

Press. *See Sorce v. Artuz,* 73 F. Supp. 2d 292, 298 (E.D.N.Y. 1999).  Petitioner has done

little to show, much less argue, that he exercised due diligence in obtaining these

newspaper articles, which were available in 1997 and 1998, therefore, § 2244(d)(1)(D)

does not save his first and second claims from being time-barred. *See Townsend v. Lafler*,

99 Fed. Appx. 606, 608-09 (6th Cir. 2004).  Petitioner's argument is further undercut by

his indication in his petition that he had previously contacted the United States

Department of Justice about these alleged police improprieties as early as 2003, and that

he had contacted Sheryl Robinson-Wood, the primary independent monitor of the Detroit

Police Department in 2004, about his concerns that his rights had been violated by Detroit

Police Homicide Investigator Monica Childs and Wayne County Prosecutor Ruth Carter.

Petitioner further claims that he contacted Judge Julian Abele Cook, Jr. about these allegations in 2006, but that Judge Cook refused to take any action. [8]  Because petitioner knew about the factual predicate of his claim by 2006, at the very latest, his current habeas petition, which was filed some five years later, is untimely.

Petitioner's argument suffers from another problem, namely, that he has not established in his first and second claims that the police or prosecutor withheld exculpatory evidence.  Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The burden is on a habeas petitioner to prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. *See Coe v. Bell*, 161 F. 3d 320, 344 (6th Cir. 1998).  Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).  "[M]ere speculation that a government file may contain Brady material is not sufficient" to prove a due-process violation. *United States v. Driscoll*, 970 F. 2d 1472, 1482 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir.1999).

With respect to his first claim, petitioner merely speculates that the Detroit Police Department and the Wayne County Prosecutor withheld evidence that would have been

---

[8] *See* Brief in Support of Petition for Writ of Habeas Corpus, p. 17.

2:11-cv-11021-BAF-MKM   Doc # 25   Filed 01/09/12   Pg 13 of 19   Pg ID 1433


favorable to him.  This is insufficient to establish a *Brady* violation.  With respect to his second claim, petitioner contends that the prosecutor withheld evidence concerning his co-defendant Keith Griffin's prior criminal record that petitioner alleges he could have used to impeach Griffin's credibility with.  Petitioner, however, acknowledges that at trial Griffin indicated that he was testifying against petitioner in exchange for a plea agreement that allowed him to plead guilty to a reduced charge of second-degree murder with a sentence of 7-20 years, in exchange for the dismissal of the remaining charges.  In the present case, there was no *Brady* violation, in light of the fact that  evidence concerning Griffin's prior convictions was cumulative of other evidence that was used to impeach him and would have been only marginally relevant. *See Puertas v. Overton,* 168 Fed. Appx. 689, 696 (6th Cir. 2006). [9]

In light of the fact that petitioner's newly discovered evidence does not establish that the police or prosecutor withheld exclupatory evidence in this case, the commencement of the limitations period was not delayed until petitioner "discovered" this new evidence. *See e.g. Whalen v. Randle,* 37 Fed. Appx. 113, 119 (6th Cir.

---

[9]   Petitioner claims that Griffin had a prior conviction for carrying a concealed weapon and prior charges of possession of a controlled substance under 25 grams and possession of marijuana, which were dismissed at the time that Griffin pleaded guilty to the carrying a concealed weapon charge.  Under Michigan law, "prior convictions for nontheft crimes which do not contain elements of dishonesty or false statement should never be admitted into evidence" for impeachment purposes. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 608 (E.D. Mich. 2001)(quoting *People v. Allen*, 429 Mich. 558, 596; 420 N.W. 2d 499 (1988)).  Therefore, Griffin's prior conviction for carrying a concealed weapon could not have been used to impeach his credibility.  Moreover, a witness' prior arrest or charge cannot be used for impeachment purposes, where the witness had not been convicted of that offense. *U.S. v. Edgecombe*, 107 Fed. Appx. 532, 538 (6th Cir. 2004); *People v. Clemons*, 177 Mich. App. 523, 527; 442 N.W.2d 717 (1989).  Thus, petitioner could not have impeached Griffin with evidence of prior drug charges that had been dismissed.

2002)(commencement of limitations period was not delayed until habeas petitioner's alleged discovery of factual predicate for actual innocence claim upon discovery of police report identifying potential witnesses of whom petitioner was aware at time of trial, absent evidence that report contained new evidence or contained suppressed evidence that would have produced different verdict and would have established a *Brady* violation). The instant habeas petition is therefore untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that the limitations period should be equitably tolled because he is actually innocent of the charges.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup,* 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with

14

new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence--that was not presented at trial."

*Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that

"actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F.

3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth

Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence

exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.*

(quoting *Schlup,* 513 U.S. at 321).

In support of his actual innocence claim, petitioner has submitted an affidavit from

himself, in which he claims that he is innocent of the charges. [10]  A habeas petitioner's

self-serving affidavit that he is innocent is insufficient to establish his actual innocence so

as to toll the limitations period. *See McCray v. Vasbinder,* 499 F.3d 568, 573 (6th Cir.

2007).

Petitioner further contends that his claim of actual innocence is supported by the

Detroit Free Press articles from 1997 and 1998, in which Investigator Monica Childs, the

investigator in his case, claimed that her superior officer obtained illegal confessions from

suspects and attempted to pressure Childs into committing perjury and lying about the

illegally obtained confessions.

Investigator Childs does not allege in these newspaper articles that she or any other

---

[10]   *See* Appendix C, attached to the Petition for Writ of Habeas Corpus.

15

officer committed perjury or committed any other wrongdoing with respect to petitioner's case. The mere fact that Childs alleges that she or other members of the Detroit Police Department, Homicide Division may have been involved in illegal conduct in other cases is insufficient to establish that petitioner is actually innocent, so as to toll the limitations period. *See e.g. Davis v. Birkett*, No. 2006 WL 348269, * 5 (E.D. Mich. February 9, 2006)(allegation that a police officer acted improperly in another case was insufficient to prove that he acted improperly in habeas petitioner's case, so as to establish petitioner's actual innocence to excuse habeas petitioner's procedural default).

Petitioner further claims that he is actually innocent because the prosecutor suppressed evidence concerning Griffin's prior carrying a concealed weapon conviction, which petitioner claims could have been used to impeach his credibility.

A habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar. *See In Re Byrd,* 269 F. 3d 561, 577 (6th Cir. 2001)(citing *Clark v. Lewis*, 1 F. 3d 814, 824 (9th Cir. 1993)(allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent of the death penalty). Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence, so as to toll the one year limitations period. *See Sherratt v. Friel,* 275 Fed. Appx. 763, 768 (10th Cir. 2008); See also *McMurry v. Wolfenbarger,* No. 2007 WL 2318748, * 5 (E.D. Mich. August 9, 2007).

16

Although equitable tolling based on a habeas petitioner's actual innocence remains an important, though "extraordinary," remedy, it is one that a court should "refuse to provide in a less-than-extraordinary case" like petitioner's. *McCray,* 499 F. 3d at 577. Accordingly, the petition for writ of habeas corpus shall be dismissed pursuant to 28 U.S.C. § 2244(d).

Petitioner has also filed motions for the appointment of counsel and for the production of documents.  In light of the fact that the petition is time-barred, the motions are denied as moot. *See e.g. Hunt v. Stegall*, 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  The Court will summarily dismiss the current petition.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability

17

should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### IV. Order

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Dkt. #

18

22] and the motion to produce documents [Dkt. # 23] are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner is DENIED leave to appeal *in forma*

*pauperis.*

S/Bernard A. Friedman_____
HON. BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

DATED: January 9, 2012

19